I respectfully dissent from the majority opinion herein as I do not believe the majority has properly addressed the estoppel issue as directed by the Supreme Court of North Carolina, which reversed "the decision of the Court of Appeals for the reasons stated in the dissenting opinion." In Judge Sanford Steelman's dissent, he concurred with that part of the majority opinion of the Court of Appeals which remanded this matter to the Industrial Commission to make further findings of fact and conclusions of law on the issue of estoppel.
Upon remand the majority herein found that plaintiff did not raise the estoppel issue in his brief and Form 44 before the Full Commission even though estoppel was cited as an issue in the Opinion and Award of the Full Commission and that there was "no detrimental reliance." Rather than addressing the issue of whether defendants' payment of compensation for 3 years after filing a Form 60 constituted an enforceable award of the Commission which defendants were estopped from denying, the majority decided it had the discretion to not apply the principles of estoppel.
The majority concluded:
 7. In the discretion of the undersigned, the principles of estoppel, whether equitable, judicial or otherwise, do not apply to the facts of this case. Whitacre Partnership v. Biosignia, Inc., 358 N.C. 1, 591 S.E.2d 870 (2004). In using our discretion not to apply the principles of estoppel to this case, the undersigned are also influenced by public policy considerations. If defendants in workers' compensation cases are prevented from contesting the compensable consequences of an accepted claim, after some such benefits had been paid for the contested condition, then workers' compensation insurance carriers and employers are going to be reluctant to pay for any condition where there is the *Page 17 
slightest question as to whether it may be related. This would result in a denial of numerous claims and would result in increased litigation. Employers and carriers should be encouraged to pay these benefits without fear that such payment will be used against them later to prevent them from contesting that a certain condition is a compensable consequence of the accepted injury. Applying the principles of estoppel to such situations would not be good public policy for this State.
Because the majority did not address the estoppel issue based on the Form 60 admission of liability and subsequent payment of compensation for three years issue, it has failed to follow the directive of the Supreme Court of North Carolina.
I therefore respectfully dissent from the majority Opinion and Award.
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1